```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
   UNITED STATES OF AMERICA        :
                                   :    SEALED SUPERSEDING
              - v. -               :    INDICTMENT
                                   :
   DAVID MALEH,                    :    S10 19 Cr. 463 (DLC)
                                   :
              Defendant.           :
                                   :
- - - - - - - - - - - - - - - - - - -X
```

**COUNT ONE**
(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

1. From at least in or about 2018, through in or about 2020, in the Southern District of New York and elsewhere, DAVID MALEH, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B), (a)(2)(A), (a)(2)(B), and 1957(a).

2. It was a part and an object of the conspiracy that DAVID MALEH, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct

and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transactions were designed in whole or in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3.   It was a further part and an object of the conspiracy that DAVID MALEH, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of

the Controlled Substances Act), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

4.   It was a further part and an object of the conspiracy that DAVID MALEH, the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

5.   It was a further part and an object of the conspiracy that DAVID MALEH, the defendant, and others known and unknown,

transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B).

6. It was a further part and an object of the conspiracy that DAVID MALEH, the defendant, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally

4

derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

**FORFEITURE ALLEGATION**

7. As a result of committing the offense alleged in Count One of this Indictment, DAVID MALEH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

**SUBSTITUTE ASSETS PROVISION**

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due

diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

        (Title 18, United States Code, Section 982;
      Title 21, United States Code, Section 853; and
      Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DAVID MALEH,

Defendant.

**SEALED SUPERSEDING**
**INDICTMENT**

S10 19 Cr. 463 (DLC)

(18 U.S.C. § 1956)

GEOFFREY S. BERMAN
United States Attorney

A TRUE BILL

*Tracy Mitchell*
Foreperson

TRUE BILL, ARREST WARRANT & SEALED SUPERSEDING INDICTMENT
- MJ LEHRBURGER 2/13/2020