# The Law Firm
# Fleming . Ruvoldt PLLC

A Professional Limited Liability Company incorporated in New York

**Cathy Fleming**
cfleming@flemingruvoldt.com
(201) 518-7907 (direct)

800 Third Avenue
28th floor
New York, NY 10022
(212) 600-9537

15 Engle Street
Suite 100
Englewood, NJ 07631
(201) 518-7878

October 20, 2020

By ECF
Hon. Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **United States v. David Maleh**
**19 Cr. 463 (DLC)**

Dear Judge Cote:

Please accept this letter in support of David Maleh's request for bail pending disposition of this matter which is scheduled for a hearing by Zoom on Thursday, October 22, 2020 at 2:00 p.m. I discussed proposed bail with representatives of the Government for several weeks; the Government does not consent to this package or bail for Mr. Maleh.

Background:

David Maleh is 59 years old. He was arrested on August 19, 2020 in Chicago, Illinois while enroute to New York. He was kept at MCC Chicago until the week of September 18, 2020 when he was moved to Oklahoma, first to a county jail, then to a federal jail. He finally arrived in the Southern District of New York on September 25, 2020. Mr. Maleh is an observant Jew who only eats Kosher food and has had a particularly difficult time while incarcerated. He has a slight build and the inability to eat is not healthy.

Mr. Maleh is a citizen of both Israel and Argentina. He speaks Hebrew and Spanish.

His wife, Mazel Maleh, is here in the United States. After his arrest, Mrs. Maleh rented an apartment in Brooklyn, New York 11219 for herself and her family for the duration of these

proceedings. They have been married for 28 years. Mrs. Maleh has agreed to surrender her travel documents and to co-sign any bond. The Malehs have nine children, four of whom are married and five of whom are not married. The youngest child is 14 and has Down Syndrome. If David Maleh is released on bail, the five unmarried children will all come to New York and live with their mother; all five have agreed to surrender their travel documents and agree not to apply for new ones (but will observe all immigration laws; we will work that out with the Government or Probation)[1]. Mr. Maleh has no prior criminal record. His education was both in Argentina and in Yeshiva in Israel.

A family friend, Eliezer Heltorski, has agreed to act as a third party custodian for him.

Charges:

Mr. Maleh has been indicted on one count of conspiracy to commit money laundering in this District, in violation of 18 U.S.C. §1956. He also has been indicted in the Southern District of Florida for Conspiracy to Conduct an Unlicensed Money Transmitting Business (18 U.S.C. §371) and Conducting Unlicensed Money Transmitting Business (18 U.S.C. §1960), and Conspiracy to Structure Financial Transactions (18 U.S.C. §371). We acknowledge that these are serious charges and that Mr. Maleh will need to address the charges in both Districts. We intend to engage in substantive conversations with both offices as soon as practicable. Incarceration makes that difficult.

Hardships Due to Covid:

As you are aware, the Covid pandemic has made the smooth and effective preparation of criminal cases by defense counsel extremely difficult. The first time I was able to meet with Mr. Maleh was on Tuesday, October 13, 2020. He requires an interpreter. I was only able to find one interpreter who was willing to go to the MCC due to Covid concerns.[2] There were Jewish holidays which prevented an earlier visit even with the one interpreter willing to go. Our meeting was for 90 minutes which was inadequate for all the matters that need discussing. I am

---

[1] So, for example, if they need to leave and come back to be in compliance with Visa requirements, we can arrange staggered schedules with full notice so that they are both lawfully in the United States and with their parents.
[2] Candidly, at age 65 with a nine-week-old grandson, I have personal concerns about visiting the MCC with the pandemic and the rising surges of Covid.

advised that there is a significant amount of discovery in the case, some of which is in languages other than English. I provided a hard drive to the United States Attorney's Office but I have not received discovery yet. (It was Federal Expressed to me yesterday so I expect it to arrive today.) It will be essential for me to spend significant amounts of time with Mr. Maleh and an interpreter to learn the facts either to prepare for trial or to resolve the matters. The Court has requested a determination by November 6, 2020 as to whether Mr. Maleh intends to resolve the case or go to trial in March 2020; I do not see how we can possibly meet that deadline since I am just getting the first delivery of discovery today and if I am limited to prearranged meetings of 90 minutes if he remains incarcerated.

Bail is Designed to Assure Appearance and Safety

Recognizing the mandate of the Bail Reform Act (applying the least restrictive combination of conditions to assure appearance of the defendant and safety to the community), coupled with Mr. Maleh's constitutional right to have meaningful access to counsel to defend himself, we propose the bail package set forth below. We believe the package will accomplish both needs set forth above. Of course, Mr. Maleh is willing to accept any other conditions suggested by the Court.

Bail Package:
1. Electronic Monitoring/House Detention (leaving only with permission of Probation and for the purpose of medical treatment or meeting with counsel in her Englewood, New Jersey office)[3];
2. Eliezer Heltorski to act as third party custodian;
3. Maintain residence with agreed third party custodian Eliezer Heltorski (and no relocation without permission from Pretrial Services);
4. Reporting as directed;
5. "Facetime" availability at all times;

---

[3] It would also be nice if he could attend religious services.

6. Wife to surrender her passports, unmarried children to surrender their passports when they arrive;[4]

7. Government to keep all travel documents and no new applications by anyone (absent specific approval by the Court, *e.g.*, to be in compliance with visas);

8. No contact with co-defendants unless in the presence of counsel;

9. David Maleh will sign a written consent to be extradicted from any country in the world (to be held in escrow by the Government until the end of these proceedings);

10. Sureties and Properties as follows:

    a)    David Maleh and his wife will sign a PRB bond in the amount of $5,000,000 (or any amount the Court requires).

    b)    The following will sign bonds in the amounts described pursuant to 18 U.S.C. §3142(c)(1)(B)(xi) ("execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require"):

        1) Gershon Alexander [phone number/redacted]

        Mr. Alexander will sign a bond for $550,000 and showing equity in his primary residence at [redacted]. The home is worth approximately $750,000 with an approximate $200,000 mortgage.

        2) Joseph Assa

        Mr. Assa will sign a bond for $2.7 million showing equity in his primary residence at [redacted]. The home has a fair market value of approximately $3.5 million and about an $800,000 mortgage on the property.

        3) Abraham Lichtenstein [phone number/redacted]

        Mr. Lichtenstein is willing to provide a surety commitment of $300,000-$400,000.

---

[4] If the Government does not want the hassle of keeping the passports, counsel will keep them in her (locked) custody. Counsel is an officer of the Court and will not release them absent Court approval.

Each of the people who are willing to sign an agreement to forfeit property if Mr. Maleh fails to appear have been interviewed by the Government. They are also available to be interviewed by Probation. They are people who are members of the same religious community and/or friends of other members of David Maleh's family who have confidence that he will not flee or pose any danger to the community. Mr. Maleh has a significant amount of support from his religious community.

Interviews

The Government requested that we provide names and contact information for the United States persons who know Mr. Maleh and who could vouch for him. We provided the names of five individuals – friends and family – who are United States citizens who know Mr. Maleh who vouched for his integrity (and we provided copies of their driver's licenses or passports and bank statements) but who do not have substantial means to sign a bond.

We also provided the phone number of Mr. Maleh's adult children in Israel so they could be interviewed, as well as copies of all of their passports, as requested.

We would be happy to make these people available to the Court or to Probation for interviews as well.

Government's Position

We provided all this information to the Government and suggested that we would accept *any* conditions it wished to add. The Government advises, however, that while there are people who are willing to provide some surety (and who have the means to satisfy the bond), and there are some people who know Mr. Maleh personally, the Government does not feel comfortable approving the package without people who fit into both categories. Therefore, the Government does not consent.

Conclusion

As noted, Mr. Maleh is willing to agree to any condition of bail. Our suggested conditions are as onerous as one can possibly impose and certainly meet, if not exceed, the instructions of the bail reform act to impose the "least restrictive" combination of conditions to assure appearance and safety. There are practical reasons to approve bail as well. It will make it

far easier for counsel to review the evidence, with an interpreter, and advise Mr. Maleh on the appropriate course, expeditiously, if he is not in the MCC. It will be a far longer process if he is incarcerated despite diligent efforts of counsel. (We are aware that a pretrial disposition will require resolution with both districts).

We respectfully and earnestly request that the Court grant defendant's application for bail.

Very truly yours,

/Cathy Fleming

Cc:  AUSA Sebastian Swett
     AUSA Stephanie Lake
     AUSA Aline Flodr

     AUSA Frank Tamen (SD Fla.)