UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID MALEH<br><br>     *Defendants.* | **Protective Order**<br><br>S10 19 Cr. 463 (DLC) |

 WHEREAS, the United States of America seeks to provide in unredacted form certain evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure; and

 WHEREAS, some material that the Government seeks to provide (i) contains sensitive information that affects the privacy and confidentiality, including personally identifiable information, of specific individuals; (ii) could jeopardize or impede, if prematurely disclosed, the Government's ongoing criminal investigations of additional individuals; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action; and

 WHEREAS, the Government is willing, under the conditions set forth below, to produce such materials;

 IT IS HEREBY agreed, by and between the United States of America, Audrey Strauss, United States Attorney, by Stephanie Lake, Sheb Swett, and Aline R. Flodr, Assistant United States Attorneys, of counsel, and defendant DAVID MALEH, by and through his counsel, that:

 1(a). Any material reflecting (i) sensitive identification information (including, but not limited to, names, telephone numbers, addresses, email addresses, dates of birth, Social Security numbers, bank account information, credit card information, other sensitive financial information, and driver's license information) or (ii) that the Government designates or has previously



designated, as "Confidential Information" (which may include but is not limited to (a) material the disclosure of which the Government in good faith believes could jeopardize any ongoing criminal investigation or otherwise prejudice the due administration of justice or otherwise interfere with a fair trial, and (b) video recordings, photographs, audio recordings, judicially authorized wiretap intercepts, wiretap applications, and line sheets and transcripts of judicially authorized wiretap intercepts) is deemed "Confidential Information" and shall be so identified by the Government.

1(b). The defendant may object to the designation pursuant to paragraph 1 (a) of any material the Government designates, or previously has designated, as Confidential Information. In the event of such an objection, the Government and the defendant shall meet and confer in an effort to resolve the issue. To whatever extent they fail to resolve the issue, the defendant may file a motion for an order removing the designation from specified material. The Government thereupon will have the burden of justifying the continuation of that designation. The material shall remain designated as Confidential Information unless and until either (i) the Government and the defendant agree otherwise or (ii) the Court rules to the contrary.

2. Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action:

(a) Shall be used by the defendant and his counsel only for purposes of preparing for and conducting pre-trial proceedings, trial, and/or any appeal of this action;

(b) Shall be maintained in a safe and secure manner solely by the defendant and his counsel, and the Confidential Information and the contents thereof shall not be disclosed or otherwise shared in any form by the defendant or his counsel except as set forth in paragraph 2(c) below;

2

(c) May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"):

i) investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendant's counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

(iii) potential witnesses, but only insofar as defense counsel may show the Confidential Information to potential witnesses without these individuals retaining copies of the Confidential Information; and

(iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

(d) Except for material that has been made part of the record of this case, all documents subject to this Protective Order must be securely destroyed or deleted by defense counsel, or returned to the Government's attorneys, including seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case; or the expiration of the period for the filing of a petition pursuant to 18 U.S.C. § 2255; or upon Order of the Court, whichever occurs first.

3. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, cell phones, and other devices and storage media.



4. The Government is authorized to disclose to counsel for the defendant, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain Confidential Information ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

5. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

6. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information or Sensitive Material pursuant to paragraph 2(c). Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(c), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to the defendant's counsel, who shall retain such copy.

7. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or other pre-trial proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court for purposes of the above-referenced action. Confidential Information should be redacted from any public court filings, or should be filed under seal.

8. With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

4

9. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
      January 24 , 2021

                                               _____
                                               DENISE COTE
                                         United States District Judge

5

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ Sheb Swett                                    Date:   January 20, 2021
    Stephanie Lake/Sheb Swett
    /Aline R. Flodr
    Assistant United States Attorneys


_____                           Date: January 21, 2021
Cathy Fleming, Esq
Counsel for DAVID MALEH

6

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ Sheb Swett                    Date:   January 20, 2021
    Stephanie Lake/Sheb Swett
    /Aline R. Flodr
    Assistant United States Attorneys


*Nicholas Smith*                      Date:   January 20, 2021
Nicholas Smith, Esq.
Counsel for DAVID MALEH

7