UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
UNITED STATES OF AMERICA                   :
                                           :        19-cr-00463-7
                                           :           (DLC)
            -v-                            :
                                           :        MEMORANDUM
DAVID MALEH,                               :         OPINION
                        Defendant.         :        AND ORDER
                                           :
                                           :
----------------------------------------- X

APPEARANCES:

For the petitioner:
David Stern
Rothman, Schneider, Soloway & Stern, LLP
100 Lafayette Street, Suite 501
New York, NY 10013

For the United States:
Aline R. Flodr
Sheb Swett
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

On November 14, 2023, defendant David Maleh moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 of the Sentencing Guidelines. The motion is denied.

## Background

On March 25, 2021, Maleh pleaded guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C.

§ 1956 and one count of conspiring to structure transactions to evade reporting requirements in violation of 18 U.S.C. § 371 pursuant to a plea agreement with the Government.  In the agreement, the parties stipulated to a Guidelines range of 135 to 168 months' imprisonment based on an offense level of 33 and a criminal history category of I.

Maleh and the organization of which he was a member moved hundreds of millions of dollars overseas that had been generated from the sale of hundreds of kilograms of heroin, cocaine, fentanyl, methamphetamine and other illegal drugs.  Maleh coordinated the collection through couriers and wire payments of bulk narcotics proceeds in the United States and elsewhere. Maleh personally laundered approximately $5.1 million of bulk narcotics proceeds.  To avoid reporting requirements he conspired to structure millions of dollars of deposits, using his company Kosher Luxus, Incorporated, and its bank accounts. Maleh was the sole signatory on the bank accounts and structured the deposit of amounts greatly in excess of $10,000 by making numerous cash deposits in amounts less than $10,000.

The Presentence Report calculated the defendant's Sentencing Guidelines range as 135 to 168 months' imprisonment, based on an offense level of 33 and a criminal history category of I.  The Probation Department recommended a sentence of 84

months' imprisonment, and the defendant sought a sentence "significantly below the Guidelines range."  The Government requested a sentence of at least 120 months' imprisonment, but below the stipulated Guidelines range.  On June 25, 2021, the defendant was sentenced principally to a term of 123 months' imprisonment.  The defendant did not appeal.

On November 14, 2023, the defendant filed a pro se motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The Amendment went into effect on November 1, 2023 and applies retroactively.  On November 29, 2023, CJA Counsel was appointed to represent the defendant.  On December 22, the Government agreed that Amendment 821 applies to the defendant.  On January 17, 2024, the United States Probation Department issued a report indicating that the defendant is eligible for a sentence reduction.  On February 16, defense counsel requested a sentence of 108 months' imprisonment.  On June 10, the defendant submitted a letter requesting a status update.  The letter was docketed on June 18.  Maleh is currently scheduled to be released from custody on May 13, 2028.  A detainer has been lodged by Immigration and Customs Enforcement.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for

defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)."  United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782).  In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437.  If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence.  Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.C. § 4C1.1.  It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve

specified aggravating factors.  Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment.  U.S.S.G. App. C, Amendment 821, Reason for Amendment.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range.  Id. § 1B1.10(a)(2)(B).  It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction.  Id. § 1B1.10, Application Note 1(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. § 1B1.10, Application Note 1(B)(iii).

Maleh is eligible for a sentence reduction pursuant to Amendment 821.  He received no criminal history points at the time of his sentencing.  His amended Guidelines range is therefore calculated at 108 to 135 months' imprisonment, reduced from a Guidelines range of 135 to 168 months' imprisonment.  The sentence imposed by the Court reflected a variance below the original Guidelines range and falls within the amended Guidelines range.  The defendant received a sentence of 123 months' imprisonment.  That is fifteen months higher than the bottom of the amended Guidelines range.  The defendant seeks a sentence of 108 months' imprisonment; the Government takes the position that the Court "may, but need not, reduce the defendant's sentence" so long as any reduced sentence is within the amended Guidelines range.

As discussed at the sentencing, over half of the money laundered by the defendant was laundered and transported after law enforcement seized money in November of 2017 from couriers the defendant controlled.  Thus, the defendant continued his illegal activity on an enormous scale in the face of an active law enforcement investigation.  Indeed, the plea in this district resolved two separate criminal investigations, one run from New York and another from Florida.  His money laundering

activity was far broader in scope and more professionally run than the comparators discussed at sentencing.

The Court imposed a sentence that reflected not just the need for adequate punishment and general deterrence, but also the need in this case for individual deterrence and to account for the mitigating factors presented by the defendant. That sentence falls within the amended Guidelines range. Having revisited all of the information presented at the time of sentence and through this motion practice, the Court determines that the § 3553(a) factors do not support a modification of the sentence.

## Conclusion

Maleh's November 14, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c) and U.S.S.G. § 1B1.10 is denied.

Dated:    New York, New York
         July 19, 2024

_____
DENISE COTE
United States District Judge